|  |  |  |
|---|---|---|
| | ) | |
| **LUIS M. DIAZ,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **17-10036-NMG** |
| | ) | |
| **MPCH, et al,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**GORTON, J.**

Plaintiff Luis M. Diaz ("Diaz"), a prisoner at MCI Norfolk,
brings this civil rights action against various prison medical
and administrative staff, and others, pursuant to 42 U.S.C. §
1983 (civil action for deprivation of rights), 42 U.S.C. §
2000cc-1(a) (Religious Land Use and Institutionalized Persons
Act), and 42 U.S.C. § 12131 (Americans With Disabilities Act).
According to the complaint, Diaz suffers from allergies to soy
beans, almonds and chocolate.  He complains that the defendants
are interfering with access to his medically prescribed diet.  As
a result, Diaz suffers from a broad range of symptoms that
include hives all over his body, swelling of his eyes and lips,
constipation, and difficulty breathing. Diaz further alleges
that, as a member of the Church of the Firstborn Kahal Hab'Cor
(the "CFB"), he is entitled to access to the "Holy Diet" in
accordance with a recent decision by the Massachusetts Superior
Court in <u>Lebaron v. O'Brien</u>, No. 15-00275, 2016 WL 5415484 (Mass.
Super. June 15, 2016).  Plaintiff seeks declaratory judgment,
monetary damages, and injunctive relief, including an emergency

-1-

temporary restraining order.  With the complaint, Diaz filed an

Application to Proceed in District Court Without Prepaying Fees

or Costs and an Emergency Motion for Screening of Complaint and

Emergency Temporary Restraining Order.

## I.    **Plaintiff's Motion to Proceed In Forma Pauperis**

After review of Diaz' financial disclosures in his

Application to Proceed in District Court Without Prepaying Fees

or Costs, the court will ALLOW the motion notwithstanding that

Diaz failed to submit a certified prison account statement as

required under 28 U.S.C. § 1915(a)(2).  Where, as here, the

plaintiff is a prisoner, a request to proceed without prepayment

of the filing fee must be accompanied by "a certified copy of the

trust fund account statement (or institutional equivalent) for

the prisoner for the 6-month period immediately preceding the

filing of the complaint . . . obtained from the appropriate

official of each prison at which the prisoner is or was

confined."  28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not

entitled to a complete waiver of the filing fee, notwithstanding

the grant of in forma pauperis status.  Because Diaz is a

prisoner, he is obligated to make payments toward the $350.00

filing fee pursuant to 28 U.S.C. § 1915(b), but this court cannot

assess the fee without the certified prison account statement.

Accordingly, it is ordered that Diaz shall, within 42 days

of the date of this Memorandum and Order, submit a certified

prison account statement for the six-month period preceding the

filing of the complaint. A copy of this Memorandum and Order shall be sent to the Treasurer's Office at MCI Norfolk with the request that it provide Diaz with a certified prison account statement reflecting the average monthly balance and average monthly deposits for the six-month period preceding January 23, 2017.

Upon receipt of the certified prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed, the plaintiff remains obligated to pay the fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed). Failure by Diaz to comply with this directive to submit a certified prison account statement may result in a dismissal of this action.

## II. **Plaintiff's Motion for Temporary Restraining Order**

Plaintiff's request for a temporary restraining order ("TRO") shall be denied without prejudice at this time. A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R.

Civ. P. 65(b)(1)(A).  Even where a plaintiff makes a showing of
"immediate and irreparable" injury, the Court cannot issue a TRO
without notice to the adverse parties unless the plaintiff
"certifies in writing any efforts made to give notice and the
reasons why it should not be required."  Fed. R. Civ. P.
65(b)(1)(B).  Such injunctive relief is warranted "to prevent a
substantial risk of serious injury from ripening into actual
harm."   Farmer v. Brennan, 511 U.S. 825, 845 (1994).

In ruling on a motion for a preliminary injunction or
temporary restraining order, the Court must consider: "(1) the
movant's likelihood of success on the merits; (2) whether and to
what extent the movant would suffer irreparable harm if the
request were rejected; (3) the balance of hardships between the
parties; and (4) any effects that the injunction or its denial
would have on the public interest." Diaz-Carrasquillo v.
Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014).

Based on the allegations in the complaint and emergency
motion, it would not be appropriate to enter an order for this
drastic form of relief at this time.  Although Diaz describes a
recent series of allergic reactions that the court takes very
seriously, he received medical treatment each time he had an
allergic reaction to food he consumed.  Even so, Diaz seeks a
special diet in order to avoid continued allergic reactions.  The
court does not deem it appropriate to order such a diet without
first considering the response of the defendants (several of whom
are medical providers).  Accordingly, the TRO is denied without

prejudice to plaintiff renewing this request, should it become necessary to do so.

**III.** **Order for Defendants to File a Status Report**

Notwithstanding the denial of Diaz' motion for TRO, the court is concerned by the seriousness of the allegations with respect to the alleged denial of a medically prescribed therapeutic diet. Accordingly, it is hereby Ordered that the Clerk shall send a copy of this Memorandum and Order to legal counsel for the Massachusetts Department of Correction, as well as MCI Norfolk Superintendent Sean Medeiros, with a request that counsel provide this court with a Status Report regarding Diaz' dietary/health situation as soon as reasonably practicable and, in any event, within twenty-one (21) days of this <u>Memorandum and Order</u>.[1]

**ORDER**

For the foregoing reasons, it is hereby Ordered that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Docket No. 3) is ALLOWED and the assessment of the filing fee pursuant to § 1915(b)(1)-(2) is DEFERRED;

2. Within 42 days of the date of this Memorandum and Order, plaintiff shall submit his certified prison account statement under 28 U.S.C. § 1915, failing which this action may

---

[1]Defendants are <u>not</u> required to disclose confidential medical information about Diaz absent his permission to do so, and any disclosures which are made shall be made under seal.

be dismissed. The Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at MCI Norfolk in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding January 23, 2017, as well as the average monthly balance for that same period;

3. Plaintiff's Emergency Motion for Screening of Complaint and Emergency Temporary Restraining Order (Docket No. 2) is DENIED without prejudice;

4. The Clerk shall issue summonses as to defendants MPCH, Lawrence Churchville, Nurse Practitioner Meagan, Thomas Turco, III; Christopher Mitchell, Religious Services Review Committee, William Bates, Christopher Gendreau, Correctional Officer Casey and the Massachusetts Department of Correction. Service must be within 90 days of the date the summonses issue and must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1;

5. Because the plaintiff is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by the plaintiff, the USMS shall serve a copy of the summonses, complaint and this Memorandum and Order upon the defendants as directed by plaintiff. The plaintiff is responsible for providing the USMS all copies for service and

for completing a USM-285 form for each party to be served. The Clerk shall provide the plaintiff with forms and instructions for service by the USMS;

6.    Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants shall respond to the complaint as provided for in the Federal Rules of Civil Procedure;

7.    The Clerk shall send a copy of this Memorandum and Order to legal counsel for the Massachusetts Department of Correction and Superintendent Medeiros with the directive that a Status Report is to be filed; and

8.    Plaintiff's failure to comply with the directives of this Order may result in dismissal of this action.

**So ordered.**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge
Dated: January 25, 2017